IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Sanbanfu International Trading Co., Ltd. | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-cv-13418 ) |
| MUYI TRADE INC., GRACE LOVE AA INC, FLA TRADING INC, KCK E-COMMERCE INC, JUMON INC, FRIENDSHIP R INC, CORELIFT INC, WOOLIGHY INC, QUBUY INC, Guangzhou Fanzheng Trading Co., Ltd., Chen Yihang Convenience Store | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**Complaint**

**NOW COMES** Plaintiff Shenzhen Sanbanfu International Trading Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendants MUYI TRADE INC., GRACE LOVE AA INC, FLA TRADING INC, KCK E-COMMERCE INC, JUMON INC, FRIENDSHIP R INC, CORELIFT INC, WOOLIGHY INC, QUBUY INC, Guangzhou Fanzheng Trading Co., Ltd, Chen Yihang Convenience Store (collectively, "Defendants"), alleges as follows:

**Introduction**

1. This is an action to combat Defendants' willful trademark infringement and counterfeiting. Defendants are known business entities that, on information and belief, are organized or based in the United States and the People's Republic of China, and that trade upon Plaintiff's commercial reputation and goodwill by using in commerce counterfeit reproductions of Plaintiff's federally registered trademark (the "Plaintiff Mark") in connection with the

advertising and offering for sale — and, upon information and belief, sale — of unauthorized goods (the "Accused Goods").

2. Defendants operate fully interactive online stores that use the Plaintiff Mark in online listings for Accused Goods. Each Defendant markets and is capable of shipping Accused Goods to customers in the United States, including Illinois.

3. Defendants have not been licensed or authorized to use the Plaintiff Mark. Defendants' use of Plaintiff Mark is very likely to mislead consumers and capitalizes on the goodwill associated with Plaintiff's brand.

4. Upon information and belief, Plaintiff has been and continues to be irreparably harmed by Defendants' actions, which cause consumer confusion, and injury to goodwill and loss of control over the Plaintiff Mark.

## Jurisdiction and Venue

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 (actions arising under the Trademark Act) and 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391. The Court may exercise personal jurisdiction over each Defendant, because each Defendant purposefully directs its business activities to Illinois. In particular, each Defendant operates a fully interactive online store that purposefully directs Illinois consumers: during checkout, the store allows customers to select Chicago, Illinois as a shipping destination and accepts payment in U.S. dollars. Upon information and belief, Defendants have offered to sell and/or sold Accused Goods to consumers in Illinois, including in this District. Accordingly, personal jurisdiction over Defendants is proper in Illinois.

**The Plaintiff**

7. Plaintiff is a company that specializes in the design, marketing, and sale of consumer products, including (but are not limited to) bicycles, bicycle parts, baby carriages (collectively, "Plaintiff's Products").

8. These products are offered under Plaintiff Mark. The U.S. Patent and Trademark Office identifies an individual (the "Registrant") as the owner of record of the Plaintiff Mark (Ex. 1). By written agreement (the "License"), the Registrant granted Plaintiff an exclusive license to use the Plaintiff Mark in the United States for the goods relevant here, together with the exclusive right to enforce the mark, including the right to bring suit and recover damages for infringement. The License remains in effect.

9. Neither Registrant nor Plaintiff has authorized Defendants to manufacture, import, advertise, distribute, or sell any goods using the Plaintiff Mark. Plaintiff polices and enforces the Mark pursuant to the exclusive License.

**The Defendants**

10. Defendants are each business entities or individuals that operate online stores that advertise and sell Accused Goods. Most Defendants are incorporated in, or organized under the laws of, various U.S. states. At least one Defendant is a corporation organized under the laws of the People's Republic of China, and at least one Defendant is, on information and belief, a China-based business entity that uses a U.S. mailing address in connection with its online store registration. All Defendants are identified in the caption of this Complaint by the names they use in their commercial operations, and each Defendant's online store is publicly accessible. Upon information and belief, each Defendant is owned and operated by persons who are aware of Plaintiff's trademark rights and who actively participated in the wrongful acts alleged herein.

11. Defendants MUYI TRADE INC., GRACE LOVE AA INC, FLA TRADING INC, KCK E-COMMERCE INC, JUMON INC, CORELIFT INC, WOOLIGHY INC, QUBUY INC, FRIENDSHIP R INC (collectively, the "U.S. Defendants") are, on information and belief, corporations or limited liability companies organized under the laws of various U.S. states, with business addresses listed as set forth for each in Schedule A. Each of the U.S. Defendants operates at least one fully interactive online store identified in Schedule A, through which it advertises and offers for sale Accused Goods to U.S. customers. During checkout, these online stores allow customers to select Chicago, Illinois as a shipping destination and accept payment in U.S. dollars.

12. Defendants Guangzhou Fanzheng Trading Co., Ltd. ("Fanzheng") and Chen Yihang Convenience Store ("Chen Yihang") (collectively, the "China Defendants") are, on information and belief, China-based business entities identified in Schedule A. Fanzheng is a corporation organized under the laws of the People's Republic of China with a business address in Guangzhou, Guangdong Province, PRC. Chen Yihang is, on information and belief, a China-based business that lists a business address in Philadelphia, Pennsylvania in its online store contact information. Each of the China Defendants operates at least one fully interactive online store identified in Schedule A through which it advertises and offers for sale Accused Goods to U.S. consumers. During checkout, these online stores allow customers to select Chicago, Illinois as a shipping destination and accept payment in U.S. dollars, and upon information and belief, each China Defendant has offered to sell and/or sold Accused Goods to consumers in Illinois, including in this District.

**Plaintiff's Business and Trademarks**

13. Plaintiff has sold consumer products—such as bicycles, bicycle parts, and baby carriages—under the Plaintiff Mark identified in Exhibit 1, and offers genuine products under the Plaintiff Mark in authorized channels. The Plaintiff Mark functions as a distinctive identifier of source, signifying that the products originate with Plaintiff.

14. The Plaintiff Mark is registered on the Principal Register (Ex. 1). The registration is valid, subsisting, and in full force and effect and, under 15 U.S.C. § 1057(b), constitutes *prima facie* evidence of the mark's validity and Registrant's exclusive rights. Plaintiff holds an exclusive U.S. license with the exclusive right to enforce the mark as set forth in ¶8.

15. Plaintiff's online presence features images and designs that are exclusive to Plaintiff.

## Defendants' Unlawful Conduct

16. Plaintiff has identified infringing online stores operated by Defendants ("Defendant Online Stores") that advertise and offer for sale—and, upon information and belief, sell—Accused Goods to consumers in this Judicial District and throughout the United States, while displaying the Plaintiff Mark in connection with those goods.

17. Upon information and belief, Defendants design and maintain their online stores to appear as if they are selling genuine Plaintiff's Products. Their stores are sophisticated in appearance, accept payment in U.S. dollars and online payment services, and display counterfeit reproductions of Plaintiff Mark, product images and descriptions that are the same as, or highly similar to, Plaintiff's official listings, making it difficult for average consumers to distinguish Defendants' stores from Plaintiff's legitimate channels.

18. Upon information and belief, Defendants knowingly deceive consumers by using Plaintiff Mark without permission to attract consumers searching for genuine Plaintiff's Products.

19. Through this action, Plaintiff seeks permanent injunctive relief to stop Defendants' unauthorized use of the Plaintiff Mark and counterfeit reproductions thereof and to prevent further infringing sales via their online stores.

20. There are striking similarities among Defendant Online Stores that indicate a likely coordinated operation: identical or highly similar layouts and web designs, a shared email contact and routing payments to the same U.S.-based bank account. Upon information and belief, Defendants act in concert or under common control as part of a common enterprise, or at least employ similar tactics such that their infringing activities constitute part of the same series of transactions or occurrences, while knowingly and willfully advertising and offering for sale of Accused Goods, and, upon information and belief, selling Accused Goods to consumers in Illinois via the Internet.

21. Defendants' unauthorized use of Plaintiff Mark in online listings and offers for sale of Accused Goods is likely to cause confusion, mistake, and deception among the public as to the origin and quality of the goods. Consumers are likely to be misled into believing that Defendants' products are genuine or authorized by Plaintiff, when they are not. Defendants' activities have irreparably harmed Plaintiff's reputation and the goodwill embodied in the Plaintiff Mark.

22. Plaintiff asserts that joinder of Defendants in this single action is proper pursuant to Fed. R. Civ. P. 20(a)(2). The acts of each Defendant described herein arise out of the same series of transactions or occurrences — namely, the exploitation of Plaintiff Mark through interactive online stores — and Defendants have utilized the same channels to carry out their counterfeiting scheme. In particular, as noted above, Defendants have employed a common bank account, a shared email contact, and the identical or highly similar layout and website design to

conduct their infringing business. These shared tactics and overlapping details establish a logical relationship among Defendants' actions. Furthermore, common questions of law and fact predominate in this case, including (but not limited to) whether Defendants' conduct constitutes willful trademark infringement and the appropriate measure of damages for such infringement. Resolving Plaintiff's claims against all Defendants in one proceeding promotes judicial economy and is consistent with Rule 1 of the Federal Rules of Civil Procedure, ensuring a just, speedy, and inexpensive determination of this action.

**Count I: Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)**

23. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Without Plaintiff's consent, Defendants have used in commerce counterfeit reproductions of the Plaintiff Mark in connection with the advertising, and offering for sale and, upon information and belief, sale of the Accused Goods via interactive Internet storefronts.

25. The marks Defendants use are identical with, or substantially indistinguishable from, the Plaintiff Mark and are used on or in connection with the same types of goods for which the Plaintiff Mark is registered (i.e., baby carriages), without authorization. See 15 U.S.C. § 1116(d)(1)(B).

26. Defendants' unauthorized use of counterfeit reproductions of the Plaintiff Mark is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, approval, or affiliation of the Accused Goods, leading consumers to believe they are associated with or approved by Plaintiff when they are not.

27. Defendants knew of, or were willfully blind to, Plaintiff's rights in the Plaintiff Mark and nevertheless used counterfeit reproductions to trade on Plaintiff's goodwill. Defendants' infringement and counterfeiting are willful.

28. The foregoing conduct constitutes trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

29. Plaintiff has no adequate remedy at law. Defendants' use of counterfeit reproductions of the Plaintiff Mark in connection with the Accused Goods is causing, and threatens to continue causing, irreparable harm, including loss of control over the mark and injury to goodwill; irreparable harm is presumed upon a merits finding under 15 U.S.C. § 1116(a).

30. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and, absent injunctive relief, will continue to suffer injuries including diverted sales, loss of goodwill, and damage to the integrity of the Plaintiff Mark. Plaintiff is entitled to injunctive relief and to monetary remedies under 15 U.S.C. § 1117, including Defendants' profits, Plaintiff's damages, and, in the alternative, statutory damages for willful counterfeiting under § 1117(c), as well as enhanced remedies and attorneys' fees as permitted by § 1117(b)–(c).

**Count II: False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))**

31. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants have used in commerce the Plaintiff Mark, and/or marks that are identical or confusingly similar to the Plaintiff Mark, in connection with the promotion, advertising, and offering for sale, and, upon information and belief, sale of the Accused Goods via interactive Internet storefronts.

33. By using the Plaintiff Mark in their listings, images, titles, and descriptions for the Accused Goods, Defendants make false designations of origin and false or misleading representations of fact that are likely to lead consumers to believe that Defendants and/or the Accused Goods are affiliated with, connected to, sponsored by, or approved by Plaintiff.

34. Defendants' conduct is likely to cause confusion, mistake, or deception among ordinary purchasers as to the origin, sponsorship, approval, or affiliation of the Accused Goods, in violation of 15 U.S.C. § 1125(a)(1)(A).

35. Defendants' false designations and misleading representations are willful. Defendants knew, or were willfully blind to, Plaintiff's rights and used the Plaintiff Mark without authorization to trade on Plaintiff's goodwill and to pass off Accused Goods as associated with Plaintiff.

36. Defendants' actions are likely to cause—and, unless enjoined, will continue to cause—consumer confusion and have injured Plaintiff through diverted sales and harm to goodwill associated with the Plaintiff Mark. Plaintiff has no adequate remedy at law; irreparable harm is presumed upon a merits finding under 15 U.S.C. § 1116(a). Plaintiff is entitled to injunctive relief and to monetary remedies under 15 U.S.C. § 1117, including Defendants' profits, Plaintiff's damages, and costs.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them, be permanently enjoined and restrained from:

a. using the Plaintiff Mark, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff Mark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's Product or any other product produced by Plaintiff that is not Plaintiff's, or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Mark;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Plaintiff Mark and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff Mark, or any reproductions, counterfeit copies, or colorable imitations thereof.

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms (such as Walmart, Amazon, and eBay), sponsored search or keyword advertising providers, credit card companies, banks, merchant account providers, third-party processors and other payment processing service providers, and Internet search engines (such as Google, Bing, and Yahoo) (collectively, "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Plaintiff Mark;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff Mark; and

c. take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index.

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Plaintiff Mark be increased by a sum not exceeding three times the amount thereof, as provided by 15 U.S.C. § 1117.

4) In the alternative to actual damages and profits, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2), up to $2,000,000 per counterfeit mark, per type of goods, per Defendant.

5) That Plaintiff be awarded its reasonable attorneys' fees and costs.

6) That, pursuant to Fed. R. Civ. P. 69(a), Plaintiff be permitted to conduct post-judgment discovery of Defendants and third parties to identify assets, accounts, receivables, and marketplace disbursement channels used in connection with the infringing sales; that within fourteen (14) days after entry of judgment, each Defendant be ordered to serve a sworn accounting identifying: (a) all bank and payment-processor accounts; (b) all marketplace storefronts and seller IDs (including any used during the period of infringement); and (c) gross revenues and profits from sales of products bearing the Plaintiff Mark; and that the Court retain jurisdiction to enforce the judgment, including by proceedings under 735 ILCS

5/2-1402 and Illinois Supreme Court Rule 277 (citations to discover assets, garnishment, and turnover).

7) That Plaintiff be awarded post-judgment interest as permitted by law and any and all other relief that this Court deems just and proper.

Dated: November 3, 2025                          Respectfully submitted,

/s/ *Qin Zhuang*
Qin Zhuang
Building 2, Unit 1, Room 507
5 Chaoyang Road, Chaoyang
Beijing, PRC 100022
0086-155-1009-0593
zhuangqin@yuntinglaw.com
**Counsel for Plaintiff**